IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARCUS L. SLATER, #173 328       *

    Petitioner,                  *

       v.                       *     2:08-CV-325-WHA
                                      (WO)
WARDEN RICHARD DEVILLE, *et al.*,  *

    Respondents.                 *
_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Marcus Slater on April 23, 2008. In this petition, Petitioner challenges his conviction for second degree assault entered against him by the Circuit Court for Barbour County, Alabama, on August 6, 2001. On September 11, 2001 the trial court sentenced Petitioner as a habitual offender to 99 years imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on May 24, 2002 and issued a certificate of judgment on June 11, 2002. By operation of law, Petitioner's conviction became final on June 26, 2002.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 2002- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed several state post-conviction petitions.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of these Rule 32 petitions, the limitation period expired prior to Petitioner filing the present federal habeas petition.  (*Doc. No. 12*.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of second degree assault by the Circuit Court for Barbour County, Alabama, on August 6, 2001.  On September 11, 2001 the trial court imposed sentence on Petitioner.  Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on May 24, 2002.  Petitioner did not further appeal his conviction and the appellate court issued a certificate of judgment was on June 11, 2002.  Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2002 second degree assault conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review

a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's second degree assault conviction became final on June 26, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 23 days after Petitioner's conviction became final until he filed his first Rule 32 petition in the trial court on July 20, 2002. On January 7, 2003 the Alabama Court of Criminal Appeals affirmed the lower court's judgment denying Petitioner's post-conviction petition. Petitioner's application for rehearing was denied May 9, 2003. The Alabama Supreme Court denied his petition for writ of certiorari on August 15, 2003 and the appellate court issued a certificate of judgment that day. (*Doc. No. 12, Exhs. F-N*.) Accordingly, the one-year limitation period began to run again on August 16, 2003 and ran uninterrupted for a period of 263 days until Petitioner filed a second Rule 32 petition in the trial court on May 5, 2004. The trial court denied the petition on June 16, 2004. The Alabama Court of Criminal Appeals denied Petitioner's appeal of the trial court's decision on November 16, 2004 and issued a certificate of judgment the same day. (*Id. at Exhs. O-R*.) The limitations period, therefore, began to run again on November 17, 2004 and ran uninterrupted for a period of 553 days until May 24, 2006 when Petitioner filed a third Rule 32 petition. The trial court denied the petition on July 5, 2006. The Court of Criminal Appeals affirmed the lower court's judgment on August 24, 2007. Petitioner's application for rehearing was denied September 28, 2007 and the Alabama Supreme Court denied Petitioner's application for certiorari on December 7, 2007. The

appellate court entered a certificate of judgment on December 7, 2007. (*Id. at Exhs. S-AA*.) The one-year statute of limitations began running again on December 8, 2007 and ran uninterrupted for an additional 137 days until April 23, 2008 when Petitioner filed the instant application for habeas relief.  Thus, a total of 976 days of the limitation period had run from the time Petitioner's conviction had become final until he filed the instant petition. The one-year limitation period, therefore, had expired by the time Petitioner filed his federal habeas petition.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before **July 22, 2008** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 1st day of July 2008.

          /s/ Wallace Capel, Jr.
          WALLACE CAPEL, JR.
          UNITED STATES MAGISTRATE JUDGE